IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Olden Brooker, | ) | C/A No.: 3:17-148-TLW-SVH |
|         Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| INVISTA S.à.r.l. LLC, | ) | |
|         Defendant. | ) | |

In this employment discrimination case, Olden Brooker ("Plaintiff") sues his former employer INVISTA S.à.r.l. LLC ("Defendant") based on his termination from employment. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

This matter comes before the court on Defendant's motion to dismiss Plaintiff's defamation claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 6]. The motion having been fully briefed [ECF Nos. 12, 13], it is ripe for disposition. Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss, with leave for Plaintiff to file an amended complaint as to his defamation claim.

I.  Factual Background

Plaintiff is a 66-year-old, African-American male, who was employed by Defendant and its predecessor company for over 41 years. [ECF No. 1 at ¶¶ 1, 8].

Defendant is a large company with operations in various states including a plant in Lugoff, South Carolina ("Camden Plant"). *Id*. at ¶ 2. Plaintiff most recently served as the Technical Laboratory Supervisor in the Research and Development department of the Camden Plant. *Id*. at ¶ 8. Plaintiff supervised approximately nine employees. *Id*. at ¶ 9.

Around June or July 2015, Plaintiff was accused of being racially biased in his administration of overtime to subordinates. *Id*. According to Plaintiff's complaint, Plaintiff's supervisor, Glenn Fielitz, and a Human Resources ("HR") employee from the Kennesaw, Georgia, office used incorrect data in an effort to support the allegations. *Id*. at ¶¶ 10, 15.

In late July 2015, Plaintiff was advised of mechanical issues with one of the extruder units. *Id*. at ¶ 16. Plaintiff later discovered that an employee failed to shut the unit down over the weekend, and he recommended corrective action for the employee. *Id*. On August 3, 2015, Bill Bender, Fielitz, and HR employees from both the Camden Plant and the Kennesaw office traveled to the Camden Plant to investigate the equipment failure. *Id*. at ¶ 17. They questioned many of the operators about not only the equipment failure, but also any other concerns. *Id*. The following day, Plaintiff was instructed to leave the plant pending an investigation. *Id*. at ¶ 18. Plaintiff was terminated a few days later for alleged poor management decisions, including the extruder event and racial bias in overtime. *Id*. at ¶ 19.

II.   Discussion

   A.   Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

   B.   Analysis

Defendant argues Plaintiff has not set forth sufficient factual matter to state a claim for defamation. To recover for defamation under South Carolina law, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm. *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002).

A review of the complaint reveals that Plaintiff only claims that unidentified agents and employees of Defendant falsely accused him of racial bias and failure to perform his job on several occasions in 2015. [ECF No. 1 at ¶ 43]. He further alleges that such remarks were published to Plaintiff's coworkers, subordinates, and others, and have insinuated to the public at large that Plaintiff was unfit in his business. *Id*. at ¶¶ 43–44. Although Plaintiff alleges that Fielitz called him to advise him that his employment was terminated and "stated that Plaintiff scheduled overtime that was racially-biased," Plaintiff's complaint is devoid of specific factual allegations showing that these statements were published to third parties by Fielitz or any other agent of Defendant. Additionally, Plaintiff's termination, without more, is insufficient to insinuate a defamatory meaning. *See Johnson v. Dillard's Inc.*, C/A No. 3:03–3445, 2007 WL 2792232, at *18 (D.S.C. Sept. 24, 2007) (adopting report and recommendation holding that where a terminated employee is walked off the premises, even by a uniformed officer, the conduct is not defamatory as a matter of law); *Howard v. Allen Univ*., C/A No. 3:11–2214, 2014 WL 66646, at *15 (D.S.C. Jan.8, 2014) (unpublished).

Further, other than stating generally that he was falsely accused of racial bias and that he had conversations with Fielitz and an unnamed HR person from the Kennesaw office that made it apparent they were using incorrect data [ECF No. 1 at ¶ 15], Plaintiff has failed to identify any individual who allegedly made a defamatory statement. While the exact date and wording of the statements may not be required at the pleading stage, Plaintiff must provide more than a formulaic recitation of the legal elements of a defamation claim to survive a motion to dismiss. Therefore, the undersigned recommends

Plaintiff's defamation claim be dismissed without prejudice. *See McNeil v. S.C. Dept. of Corrections*, 743 S.E.2d 843, 848 (S.C. Ct. App. 2013) (affirming dismissal of a defamation claim where plaintiff did not specify the alleged false statements or allege to whom they were made).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Defendant's motion to dismiss Plaintiff's defamation claim. [ECF No. 6]. However, Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of Plaintiff's claims be without prejudice with leave to file an amended complaint within 15 days of the district court's order on Defendant's motion to dismiss, if he so chooses. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999). If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, Plaintiff's defamation claim should be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 25, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).