IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Olden Brooker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No.: 3:17-148-TLW |
| v. | ) | |
| | ) | |
| INVISTA S.à.r.l. LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Olden Brooker filed this action against his former employer alleging he was wrongfully terminated. ECF Nos. 1, 24. The matter now comes before this Court for review of the Report and Recommendation (the "Report") filed by Magistrate Judge Shiva V. Hodges, to whom this case is assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). ECF No. 59. In the Report, the Magistrate Judge recommends granting Defendant INVISTA S.à.r.l. LLC's motion for summary judgment, ECF No. 48, pursuant to Fed. R. Civ. P. 56(a). ECF No. 59. Plaintiff filed objections to the Report on December 14, 2018, ECF No. 63, and Defendant filed its reply on January 4, 2019. ECF No. 67. This case is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed, *de novo*, the Report, the objections, the relevant filings, and the applicable law. After careful consideration, the Court accepts the Magistrate Judge's detailed factual and legal analysis in the Report, which concludes the Plaintiff (i) did not present a prima facie case of discrimination and retaliation, and (ii) did not present evidence that a defamatory statement was made or offer any evidence regarding the source of an alleged statement. To the extent the Plaintiff's objections present new evidence not previously raised in their pleadings or briefing, the Court finds this is new evidence that was not presented to the Magistrate Judge in Plaintiff's response to the motion for summary judgment. While a new claim is not procedurally proper, even considering that evidence, it does not change the analysis concluding that summary judgment is appropriate.

Therefore, **IT IS ORDERED** that the Report, ECF No. 59, is **ACCEPTED**, and the Objections to the Report, ECF No. 63, are **OVERRULED**. For the reasons stated in the Report and those stated herein, Defendant's Motion for Summary Judgment, ECF No. 48, is **GRANTED**.

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

March 29, 2019
Columbia, South Carolina